# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-282-MJR |
| | ) | |
| JERRY DeVORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this action for deprivations of his constitutional rights. Plaintiff seeks injunctive and monetary relief for allegedly being denied medical care for his high blood pressure and related medical issues. Additionally, Plaintiff claims that Defendant Roeckeman retaliated against him for filing this civil action. This case is now before the Court for a preliminary review of the amended complaint[1] pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1]Plaintiff's original complaint (Doc. 1) was filed on April 10, 2009. On May 4, 2009, Plaintiff filed his first amended complaint (Doc. 3). The amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). On May 7, 2009, Plaintiff filed a supplement (Doc. 5) concerning events that transpired after he had mailed his amended complaint. For purposes of this review, the amended complaint includes the supplement (Doc. 5).

(1) is frivolous, malicious, or fails to state a claim on which relief
may be granted; or
(2) seeks monetary relief from a defendant who is immune from such
relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE AMENDED COMPLAINT

Plaintiff is a federal inmate serving a 30 year sentence for drug and currency offenses. *See United States v. Jackson,* 935 F.2d 832 (7th Cir. 1991); *United States v. Davis*, Case No. 5:89-cr-50012 (S.D. Ill.). Plaintiff alleges that on April 4, 2009, he was transported from FCI-Greenville to Marion County Jail pursuant to "a writ" for the purpose of awaiting a "court proceeding." Plaintiff asserts that he suffers from high blood pressure and that he was transported from FCI-

Greenville with both his "medical sheet" and his prescribed medication.  At the Marion County Jail, Plaintiff states that he asked "Sheriff's Deputies" for his medication.  The "Sheriff's Deputies" allegedly refused to provide Plaintiff with his medication and informed Plaintiff that he would have to see a doctor or a nurse before being given any medication.  Plaintiff states that it was "3 or 4 days" before he received "a pill."  This pill, however, was not the same medication that was prescribed to him at FCI-Greenville.  Furthermore, Plaintiff contends that this pill "left him sick and his blood pressure out of control."  Additionally, Plaintiff claims he suffered from diarrhea and headaches.

In his supplement, Plaintiff contends that on May 2, 2009, he became even sicker because he had not been provided the proper medication for his blood pressure problem.  As a result, it appears Plaintiff  fell out of his top bunk bed and was briefly knocked unconscious.  Plaintiff was subsequently taken to a hospital in Salem, Illinois, where he remained until May 4, 2009.  Upon being released from the hospital, it appears that Plaintiff was given a prescription by a hospital doctor.   Plaintiff asserts, however, that Defendant Roeckeman contacted Dr. Janudi and had Dr. Janudi substitute aspirin for the prescribed medication.  Plaintiff alleges that Roeckeman made the substitution in retaliation for Plaintiff filing the original complaint (Doc. 1) in this case.   Plaintiff also contends that Defendant DeVore "let[s] Mr. Roeckeman [sic] run this jail with a free hand."

Finally, on June 16, 2009, Plaintiff filed a notice informing the Court that he had been returned to FCI-Greenville and was no longer being held at the Marion County Jail.

## DISCUSSION

 "Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

*Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.*  The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference."  *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  Based on the foregoing principles, Plaintiff's claim that Defendants DeVore, Roeckeman, and Janudi denied him adequate medical care in violation of the Eighth Amendment survives review under § 1915A and should not be dismissed at this time.[2]

Furthermore,  prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102

---

[2]Plaintiff did not name Dr. Janudi as a defendant in the caption of his amended complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure.  Because *pro se* complaints are to be liberally construed and because Plaintiff appears to be attempting to state a claim against Dr. Janudi in his supplement (Doc. 5), the Court will direct the Clerk to add Dr. Janudi as a defendant in this action.

4

F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  Applying these principles, Plaintiff's claim that Defendant Roeckeman retaliated against him by changing Plaintiff's medication (or directing that it be changed) survives threshold review and should not be dismissed at this time.

Plaintiff's claims against the United States Marshal for the Southern District of Illinois, however, should be dismissed.[3]  Although  Plaintiff has named the United States Marshal as a defendant in the in the caption of his amended complaint,[4] the statement of claim does not include any allegations that the United States Marshal was in any way involved with the decisions concerning Plaintiff's medication or medical treatment while he was confined at Marion County Jail.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware

_____

[3] On May 13, 2009, Plaintiff filed a motion to dismiss the United States Marshal from this action (Doc. 7).  Before the Court could rule on this motion, however, Plaintiff filed a motion to amend to add the United States Marshal back as a Defendant (Doc. 12).  These two motions, effectively, cancel each other and, therefore, the Court will deny both motions (Docs. 7 and 12) as moot.

[4]Despite appearing in the caption of the amended complaint, it appears that the Clerk's Office failed to add the United States Marshal to the docket in this case.  As a housekeeping matter - since all claims against the United States Marshal are being dismissed - the United States Marshal still needs to be added to the docket of this case.  Therefore, the Court will direct the Clerk of Court to add the United States Marshal to the docket of this case.

of it and he failed to intervene).  It appears that Plaintiff is attempting to hold the United States Marshal liable for the actions of the other defendants.  However, the doctrine of *respondeat superior* does not apply in constitutional tort cases.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

The only allegations against the United States Marshal appear in Plaintiff's motion to add the United States Marshall (Doc. 12).  In that pleading, Plaintiff alleges that the United States Marshal informed Marion County Jail officials they could charge Plaintiff $10 for the medical treatment he was receiving.  However, courts have consistently held that such a co-payment plan is not unconstitutional.  *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).  Therefore, Plaintiff's claims against the United States Marshal should be dismissed.

## PENDING MOTIONS

Also before the Court are the following motions filed by Plaintiff: to add venue (Doc. 6); for

a temporary restraining order (Doc.8); for an order to be moved to a federal prison (Doc.12); and for an order directing service of summons and complaint (Doc. 14).

In his motion to add venue (Doc. 6), Plaintiff seeks to add language to his amended complaint stating, among other things, that he is suing the defendants in " there [sic] official and individual capacity for civil rights violation under the color of law. The motion also reiterates some of the facts concerning the events of May 2 through May 4. Based on the motion, the Court concludes that Plaintiff is attempting to amend his amended complaint piecemeal via interlineation. Amendment by interlineation is disfavored and, usually, not permitted. Moreover, Plaintiff has already exercised his right to amend his complaint once as a matter of course. Plaintiff may move the Court to allow additional amendments, but such motions must comply with Local Rule 15.1 which provides that the proposed amendment be submitted at the same time as the motion to amend is filed and that all new material in the proposed amendment be identified by being underlined. Loc. R. 15.1. The instant motion to amend (Doc. 6) does not comply with Local Rule 15.1. For these reasons, Plaintiff's motion to add venue (Doc. 6) will be denied.

In his motion for a temporary restraining order (Doc. 8), Plaintiff sought an order from this Court directing Defendants DeVore and Roeckeman to "stop violating Plaintiff's constitution[al] rights, cruel and unusual punishment, and violating Plaintiff's due process [rights]." As noted above, Plaintiff is no longer confined at Marion County Jail and there is no indication that he will be returned there. Furthermore, this Court is simply unable to grant the broad injunction - seeking to prohibit every type of constitutional violation - that may befall Plaintiff while incarcerated. Therefore, Plaintiff's motion for a temporary restraining order (Doc. 8) will be denied.

Because Plaintiff has already been returned to FCI-Greenville, his motion to be moved to a

federal prison (Doc. 12) will be denied.

Plaintiff's motion for order directing service of summons and complaint (Doc. 14) will also be denied.  Service of summons and complaint does not usually occur until after (1) the Court rules on Plaintiff's motion to proceed *in forma pauperis* and (2) the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined which claims, if any, survive threshold review. Therefore, Plaintiff's motion for order directing service of summons and complaint (Doc. 14) will be denied.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's motion to add venue (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss the United States Marshal (Doc. 7) and to add the United States Marshal (Doc. 12) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to be moved to a federal prison (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion directing service of summons and complaint (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to add the United States Marshal for the Southern District of Illinois and Dr. Janudi to the docket of this case as defendants.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the United States Marshal for the Southern District of Illinois are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Dismissal of these

8

claims counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that because there are no pending claims asserted against it, the United States Marshal for the Southern District of Illinois is **DISMISSED** from this case as a defendant.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **DeVore, Roeckeman, and Janudi** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **three** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DeVore, Roeckeman, and Janudi**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DeVore, Roeckeman, and Janudi** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the

9

Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

10

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 15th day of December, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**